IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ELISHA A. HOWARD, | No. 2:15-cv-01184-JKS |
|---|---|
| Petitioner, | MEMORANDUM DECISION |
| vs. | |
| CHUCK KEETON, Warden, La Palma Correctional Center, SCOTT KERNAN, Secretary, California Department of Corrections and Rehabilitation,[1] | |
| Respondent. | |

Elisha A. Howard, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Howard is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at the La Palma Correctional Center in Arizona. Respondent has answered, and Howard has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On July 15, 2011, Howard was charged[2] with kidnapping Juan Aguirre to commit a robbery (Count 1); carjacking Juan Aguirre (Count 2); carjacking Tuan Nguyen (Count 3); carjacking Michael Nguyen (Count 4); second-degree robbery of Tuan Nguyen (Count 5);

---

[1] The names of the respondents are corrected to reflect the petitioner's incarceration in the La Palma Correctional Center in Eloy, Arizona, as well as the continuing jurisdiction of the California Department of Corrections and Rehabilitation. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The term "Respondent" utilized in the body of this order is intended to refer to both respondents, who are jointly represented by the California Attorney General.

[2] The Amended Consolidated Information also alleged that Howard's co-defendants, Uland LeFrank Colon and Andrew Lee Young Jr., committed various offenses. The co-defendants pleaded guilty to various charges prior to Howard's trial.

second-degree robbery of Michael Nguyen (Count 6); two counts of evading with wanton disregard for safety (Counts 7 and 12); possession of stolen property (Count 8); unlawful possession of a firearm (Count 9); unlawful driving of a motor vehicle of Juan Aguirre (Count 11);[3] unlawful driving of a motor vehicle of Danylo Samiylenko (Count 13); and unlawful possession of stolen vehicle property (Count 14). As to Counts 1 and 2, the information further alleged that Howard personally used a firearm and, as to Counts 3 through 6, that a principal was armed. The information additionally alleged that Howard had a prior serious felony conviction. On direct appeal of his conviction, the California Court of Appeal laid out the following facts underlying the charges against Howard:

### FACTS[FN3]

Prior to April 8, 2009, [Howard] had been driving a white car for a few days. On that date, he picked up Larry Armstrong and went to a grocery store. [Howard] had a firearm.

> FN3. As [Howard's] fact-based contentions are limited to counts three and five, we limit our summary of facts accordingly.

Shortly after midnight on April 8, 2009, brothers Tuan and Michael Nguyen[FN4] drove a compact car to the grocery store. Tuan saw the driver of the white car ([Howard]) speaking to a man who was outside the car. Tuan drove his car to the front of the store where he purchased soda from a vending machine. Before Tuan could return to the driver's seat, a man in a ski mask (evidently the man who had spoken with [Howard]) pointed a gun at Tuan and said, "Give me everything you got." Tuan gave the man $20. The man with the ski mask again pointed the gun at Tuan's face but this time Tuan moved the gun aside. The man jumped into the driver's seat of the brothers' car, turned to Michael who was sleeping in the car, and ordered Michael to leave the car. Michael jumped out of the car and the masked man drove off in the brothers' car.

> FN4. Because they share the same last name, we refer to the Nguyen brothers by their first names.

*People v. Howard*, No. C072183, 2013 WL 4522202, at *1 (Cal. Ct. App. Aug. 26, 2013).

---

[3] Count 10 alleged an offense against co-defendant Colon only.

Howard proceeded to a jury trial on August 1, 2012. At the conclusion of trial, the jury found Howard guilty on Counts 3-7, 9, and 11-13. After the jury was unable to reach a verdict on Counts 1 and 2, the court declared a mistrial as to those counts. The court subsequently sentenced Howard to an aggregate imprisonment term of 36 years and 8 months.

Through counsel, Howard appealed his conviction, arguing that: 1) the sentence for Count 5 should be stayed pursuant to California Penal Code § 654;[4] and 2) the trial court erred in granting Howard's motion for self-representation. The Court of Appeal unanimously affirmed the judgment against Howard in a reasoned, unpublished opinion issued on August 26, 2013. *Howard*, 2013 WL 4522202, at *3. Howard raised the same claims in a counseled petition for review filed in the California Supreme Court, which was denied without comment on October 30, 2013.

Howard then filed in the superior court a *pro se* petition for a writ of habeas corpus. In that petition, Howard argued that appellate counsel was ineffective for failing to raise the following claims: 1) the verdict was not supported by legally sufficient evidence; 2) he was improperly convicted based on the uncorroborated testimony of an accomplice; 3) the trial court erred in denying his motion for a new trial; 4) the trial court erroneously restricted his cross-examination of Detective Montoya; and 5) the trial court erroneously failed to *sua sponte* instruct on the offense of accessory after the fact. The superior court denied the petition in a reasoned, unpublished opinion issued on November 14, 2014. Howard raised the same ineffective

---

[4] Section 654 provides in relevant part that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." CAL. PENAL CODE § 654.

assistance of appellate counsel claims in *pro se* petitions in the Court of Appeal and the Supreme Court, which were summarily denied on January 8, 2015, and May 13, 2015, respectively.

Howard then timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on May 27, 2015. Docket No. 1; *see* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Howard raises four ineffective assistance of appellate counsel claims that he previously raised in state habeas petitions. Namely, Howard argues that appellate counsel was ineffective for failing to argue on appeal that: 1) the evidence was not legally sufficient to support his convictionsw for aiding and abetting to carjacking and robbery; 2) the trial court failed to *sua sponte* instruct the jury on the offense of accessory after the fact; 3) the trial court erred in denying his motion for a new trial; and 4) he was improperly convicted based on the uncorroborated testimony of an accomplice.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

4

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner

rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Howard has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

## IV. DISCUSSION

Howard contends that appellate counsel rendered ineffective assistance by failing to raise on appeal four nonfrivolous and meritorious claims. To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that appellate counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Where a habeas petition governed by AEDPA alleges ineffective assistance of counsel, the *Strickland* prejudice standard is applied and federal courts do not engage in a separate analysis applying the *Brecht*

6

harmlessness standard. *Avila v. Galaza*, 297 F.3d 911, 918, n.7 (9th Cir. 2002); *see also Musalin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009). Under this rubric, in reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

The *Strickland* standards apply to appellate counsel as well as trial counsel. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Moreover, there is no obligation to raise meritless arguments on a client's behalf, *see Strickland*, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as prejudice), and counsel is not deficient for failing to raise a weak issue, *see Miller*, 882 F.2d at 1434. In order to establish prejudice in the context of ineffective assistance of appellate counsel, a petitioner must demonstrate that, but for counsel's errors, he probably would have prevailed on appeal. *Miller*, 882 F.2d at 1434 n.9.

Thus, Howard must show that appellate counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,*

474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

A.      *Insufficiency of the Evidence*

Howard first argues that appellate counsel should have argued on appeal that Howard's convictions for the carjacking and robbery offenses were not supported by legally sufficient evidence and that the trial court erred in denying his motion for a new trial based on his legal insufficiency claim. Howard contends, as he did in his state habeas petitions, that there was insufficient evidence to support the convictions because the victim did not identify Howard, Howard's statement did not show that he intended to aid and abet his co-defendant, and there was no direct evidence of his involvement in the offenses.

In the last reasoned decision on state habeas review, the Superior Court rejected Howard's ineffective assistance claim after concluding that there was sufficient evidence to sustain the convictions. The Superior Court reasoned:

> [Howard] does not identify any particular deficiency in the evidence. It is apparent from the conviction that the jury inferred from the evidence that [Howard] did have the necessary intent to aid and abet the perpetration of the crime by Mr. Young, based in part on the testimony of Mr. Armstrong and Mr. Colon as well as by [Howard's] own subsequent conduct and statements. While [Howard] claims that there was no direct evidence to support the conviction, circumstantial evidence is sufficient if guilt is the only *reasonable* conclusion. [Howard] testified in his own defense, but it is apparent that the jury concluded that [Howard's] explanation was *unreasonable* and not credible and therefore rejected it. As a result, [Howard] has not shown that there was insufficient evidence to support the verdict or that appellate counsel should have raised that claim on appeal.

The Superior Court's conclusion is both reasonable and fully supported by the record. Notably absent from the Petition is how, or to what extent, appellate counsel should have raised insufficiency of the evidence on the trial record in this case. Inasmuch as this Court, as did the Superior Court, has determined that there was sufficient evidence, if accepted as credible by the jury, to sustain Howard's conviction, the failure of appellate counsel to challenge the sufficiency of the evidence did not constitute ineffective assistance of counsel. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1428 (9th Cir. 1989) (holding that appellate counsel's failure to raise a weak issue did not constitute ineffective counsel). This ineffective assistance claim therefore must fail.

B.      *Instructional Error Claim*

Howard next avers that appellate counsel should have argued on direct appeal that the trial court erred by failing to *sua sponte* give an accessory after the fact instruction because the jury could have found that Howard formed the intent to aid and abet after the perpetrator completed the offenses. Under California law, the duty to instruct on lesser included offenses includes the duty "to instruct, sua sponte, on all theories of a lesser included offense which find substantial support in the evidence." *People v. Breverman*, 960P.2d 1094, 1106 (Cal. 1998). Here, however, as the state superior court noted, accessory after the fact was not a lesser included offense as to any of the offenses charged against Howard. Thus, the state court's conclusion that the trial court had no duty to *sua sponte* instruct on accessory after the fact was reasonable, and appellate counsel's decision not to raise the claim on appeal was reasonable under *Strickland*. Moreover, because the issue was raised and correctly rejected on state habeas,

Howard cannot show that he was prejudiced counsel's failure to raise the claim on direct appeal. Howard is therefore not entitled to relief on this ground either.

C. *Restricted Cross-Examination*

Howard additionally contends that appellate counsel was ineffective for failing to argue that the trial court erred in restricting his cross-examination of Detective Montoya. However, the record reflects that Howard, who was representing himself at trial, asked Detective Montoya about what Howard had told him in an interview. The prosecution's hearsay[5] objections were repeatedly sustained. The record further reflects that Howard testified on his own behalf, and thus had the opportunity to explain the substance of any statement he made to Montoya. Any challenge to the restricted cross-examination would thus have been futile, and Howard fails to show that he was prejudiced by appellate counsel's omission of the claim.

D. *Uncorroborated Testimony*

Finally, Howard claims that his appellate counsel was ineffective for failing to argue that Howard was convicted based on the uncorroborated testimony of his accomplice Armstrong. Under California law, accomplice testimony must be sufficiently corroborated by other evidence to support a criminal conviction. CAL. PENAL CODE § 1111. On state habeas review, the Superior Court rejected Howard's argument that Armstrong's testimony was not sufficiently corroborated:

---

[5] The California Evidence code defines hearsay evidence as "evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." CAL. EVID. CODE § 1200. "Thus, a hearsay statement is one in which a person makes a factual assertion out of court and the proponent seeks to rely on the statement to prove that assertion is true." *People v. Sanchez*, 374 P.3d 320, 326 (Cal. 2016).

Petitioner claims that he was convicted based on the uncorroborated testimony of accomplice Armstrong. He claims that the presence of his vehicle at the scene did not connect him directly to the crime, nor did hte fingerprints show that he intended to aid and abet the crimes. Assuming that the jury found that Armstrong was an accomplice, the prosecutor argued that the [sic] Young's fingerprints being on Petitioner's car [sic] corroborated Armstrong's statement. The law does not require that Armstrong's statements be corroborated as to every element, i.e., Petitioner's intent to aid and abet. Instead, the law only requires that the other evidence, in this case the fingerprints, be independent of Armstrong's statement and tend to connect Petitioner to the crime. In addition, there was evidence in Petitioner's statement to Colon that he should have been booked for carjacking, indicating that he participated in the carjacking and robbery of the Nguyens. Since Petitioner has not shown that this argument likely would have affected the outcome of his appeal, he has not shown that appellate counsel's conduct was unreasonable or prejudicial.

The Superior Court's determination is both reasonable and fully supported by the record. Under California law, the test for determining whether sufficient corroborating evidence has been produced is:

> The evidence need not corroborate the accomplice as to every fact to which he testifies but is sufficient if it does not require interpretation and direction from the testimony of the accomplice yet tends to connect the defendant with the commission of the offense in such a way as reasonably may satisfy a jury that the accomplice is telling the truth; it must tend to implicate the defendant and therefore must relate to some act or fact which is an element of the crime but is not necessary that the corroborative evidence be sufficient in itself to establish every element of the offense charged.

*People v. Williams*, 161 Cal. Rptr. 830, 833 (Cal. Ct. App. 1980) (citation omitted).

Applying that test to the facts of Howard's case, the Superior Court's determination that Armstrong's testimony was sufficiently corroborated was reasonable, and Howard cannot demonstrate that his attorney was deficient in failing to raise the claim on appeal, or that he was prejudiced by the omission. Howard is thus not entitled to relief on this ground.

## V. CONCLUSION AND ORDER

Howard is not entitled to relief on any ground raised in his Petition.

11

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: July 26, 2018.

                                                    /s/James K. Singleton, Jr.
                                                    JAMES K. SINGLETON, JR.
                                                    Senior United States District Judge